# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM JOHN MORENO, )
)
    Petitioner, )    Civil Action No. 17-1412
)    Magistrate Judge Maureen P. Kelly
)
    v. )
)
TAMMY FERGUSON, *Superintendent of* )
*State Correctional Institute of Benner,* )
JOSHUA SHAPIRO, *Attorney General of the* )
*Commonwealth of Pennsylvania,* and HON. )
STEPHEN A. ZAPPALA, *District Attorney of* )
*Allegheny County, Pennsylvania,* )
)
    Respondents. )

## OPINION AND ORDER

William John Moreno ("Petitioner"), represented by retained counsel, has filed this Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 with Supporting Brief (the "Amended Petition"), ECF No. 3, seeking to attack his state court conviction of aggravated assault stemming from a bar fight. Petitioner was sentenced to incarceration of 8.5 to 20 years.

For the reasons that follow, the Amended Petition will be denied and because reasonable jurists would not find this disposition debatable, a certificate of appealability will be denied.

## I. FACTUAL BACKGROUND

The Pennsylvania Superior Court, in its September 28, 2016 Memorandum, provided a summary of facts as follows:

> During the early morning hours of December 6, 2010, Appellant and his codefendant, Michael Szoszorek (Szoszorek), were at the Polish Veteran's Association bar in Pittsburgh, Pennsylvania. Shortly after 3:00 a.m. that morning, bartender Nicole Knouff (Knouff) began asking customers to leave, as the bar was closing. Bar patron Michael Murray (the victim) endeavored to assist Knouff by approaching a group of men, which included Appellant and Szoszorek, and asking them to depart. Instead, Appellant struck the victim in the face. A brawl ensued,

during which the victim was punched and kicked by Appellant and Szoszorek. The victim was knocked unconscious and suffered several injuries, including a broken leg and a concussion.

As a result of these events, Appellant was charged with aggravated assault and conspiracy. A bench trial was held on January 25, 2012. At the conclusion of the trial, Appellant was found guilty of the aggravated assault charge, but acquitted of conspiracy. On April 16, 2012, Appellant was sentenced to 8.5 to 20 years' incarceration.

Com. v. Moreno, No. 718 WDA 2015, 2016 WL 5485165, at *1 (Pa. Super. Sept. 28, 2016)

(quoting Commonwealth v. Moreno, No. 1252 WDA 2012, unpublished memorandum at $1 - 2$

(Pa. Super. filed January 9, 2014)); ECF No. 9-10 at $1 - 2$.

## II. PROCEDURAL HISTORY

### A. State Court Procedural History

The Superior Court, in its September 28, 2016 Memorandum, summarized the state court

procedural history as follows:

> Appellant filed a direct appeal, and on January 9, 2014, this Court affirmed. *See id.* On June 25, 2014, our Supreme Court denied Appellant's subsequent petition for allowance of appeal. ***Commonwealth v. Moreno***, 94 A.3d 1009 (Pa. 2014).
> On July 7, 2014, Appellant filed a pro se PCRA petition and counsel was appointed. However, that attorney filed a ***Turner/Finley*** 'no merit' letter and petition to withdraw. Before counsel's petition to withdraw was ruled on, however, Appellant obtained private counsel. That attorney filed an amended petition on Appellant's behalf, raising claims of ineffective assistance of counsel (IAC). The Commonwealth filed a response, and on March 30, 2015, the PCRA court conducted a hearing. At the conclusion thereof, the court denied Appellant's petition. Appellant filed a motion for reconsideration on April 9, 2015, which the court denied on April 14, 2015. Appellant filed a notice of appeal on May 5, 2015, and also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court filed a responsive opinion on November 5, 2015.

Id. at *1; ECF No. 9-10 at $2 - 3$ (footnote omitted).

2

After the Superior Court affirmed the denial of the Post Conviction Relief Act ("PCRA") petition, Petitioner filed a counseled Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which was denied on March 31, 2017. ECF No. 9-10 at 64.

## B. Federal Court Procedural History

Petitioner filed a counseled Petition for Habeas Corpus in the instant matter on October 31, 2017. ECF No. 1. Petitioner then requested to amend the original Petition and to prepare a brief in support of the issues within ninety (90) days of receiving an order to do so, or, alternatively, to file an amended petition for writ of habeas corpus with the brief attached to the request. ECF No. 2. The Court ordered that Petitioner file an Amended Petition and a Brief in Support no later than December 29, 2017. Id. Petitioner then filed his counseled Amended Petition for Writ of Habeas Corpus on December 29, 2017, which is the operative Petition. ECF No. 3.

In the instant Amended Petition, Petitioner raises four Grounds for Relief:

> **GROUND ONE:** Petiti[o]ner was denied effective assistance of trial counsel when counsel unilaterally changed the trial of the within mat[t]er from a jury trial to a bench trial without the consenbt [sic] of the Petitioner.

ECF No. 3 at 12 (capitalization changed throughout).

> **GROUND TWO:** Petitioner was denied effective assistance of trial counsel where trial counsel failed to call the Petitioner to testify; failed to call an identified witness on behalf of the Petiti[o]ner; and, failed to offer any testimony against the case offered by the Commonwealth[] yet he assurred [sic] that he would present a case after the Commonwealth then failed to do so.

Id.

> **GROUND THREE:** Trial counsel James Sheets abandoned the Petitioner in the presentation of his case on behalf of the petitioner as represented by his inactions, errors and omissions.

Id. at 13.

3

**GROUND FOUR:** Petitioner was denied effective assistance of trial counsel as trial counsel failed to present evidence on behalf of the Petit[i]oner and/or call witness [sic] on behalf of the Petitioner at the time of trial as trial counsel had assurred [sic] the Petitioner; and, rested without presenting any evidence on behalf of the Petitioner.

Id.

All parties have consented to the exercise of plenary jurisdiction by a United States Magistrate Judge. ECF Nos. 5 and 8.

## III. APPLICABLE LEGAL PRINCIPLES

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because Petitioner's habeas Petition and Amended Petition were filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state court has reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, the AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state court's disposition of that issue. See 28 U.S.C. § 2254(d) and (e).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court has expounded upon the standard found in 28 U.S.C. § 2254(d). In Williams, the Supreme Court explained that Congress intended that habeas relief for errors of law may only be granted in two situations: 1) where the state court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where that state court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States." Id. at 404-05 (emphasis deleted). A state court decision can

4

be contrary to clearly established federal law in one of two ways. First, the state courts could apply a wrong rule of law that is different from the rule of law required by the United States Supreme Court. Secondly, the state courts can apply the correct rule of law but reach an outcome that is different from a case decided by the United States Supreme Court where the facts are indistinguishable between the state court case and the United States Supreme Court case.

In addition, it is to be stressed that we look to the United States Supreme Court holdings under the AEDPA analysis as "[n]o principle of constitutional law grounded solely in the holdings of the various courts of appeals or even in the dicta of the Supreme Court can provide the basis for habeas relief." Rodriguez v. Miller, 537 F.3d 102, 106–07 (2d Cir. 2008) (citing Carey v. Musladin, 549 U.S. 70 (2006)). The United States Court of Appeals for the Third Circuit has explained that "Circuit precedent cannot create or refine clearly established Supreme Court law, and lower federal courts 'may not canvass circuit decisions to determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to [the Supreme] Court, be accepted as correct.'" Dennis v. Sec., Pennsylvania Dept. of Corrections, 834 F.3d 263, 368 (3d Cir. 2016) (quoting, Marshall v. Rodgers, 569 U.S. 58, 64 (2013) (per curiam)). As the United States Supreme Court has further explained: "[s]ection 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." White v. Woodall, 572 U.S. 415, 428 (2014).

The AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Finally, it is a habeas petitioner's burden to show that the state court's decision was contrary to or an unreasonable application of United States Supreme Court precedent and/or an unreasonable determination of the facts. Ross v. Atty. Gen. of State of Pennsylvania, CIV.A. 07-97, 2008 WL 203361, at *5 (W.D. Pa. Jan. 23, 2008). This burden means that Petitioner must point to specific caselaw decided by the United States Supreme Court and show how the state court decision was contrary to or an unreasonable application of such United States Supreme Court cases. Owsley v. Bowersox, 234 F.3d 1055, 1057 (8th Cir. 2000) ("To obtain habeas relief, Mr. Owsley must therefore be able to point to a Supreme Court precedent that he thinks the Missouri state courts acted contrary to or unreasonably applied. We find that he has not met this burden in this appeal. Mr. Owsley's claims must be rejected because he cannot provide us with any Supreme Court opinion justifying his position."); West v. Foster, 2:07-CV-00021-KJD, 2010 WL 3636164, at *10 (D. Nev. Sept. 9, 2010) ("petitioner's burden under the AEDPA is to demonstrate that the decision of the Supreme Court of Nevada rejecting her claim 'was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States.*' 28 U.S.C. § 2254(d)(1) (emphasis added). Petitioner has not even begun to shoulder this burden with citation to apposite United States Supreme Court authority."), aff'd, 454 F. App'x 630 (9th Cir. 2011).

## IV. DISCUSSION

### A. Petitioner Does Not Argue an Error Under § 2254(d)(1).

Petitioner does not argue that the disposition of the state courts of any of his claims raised herein was contrary to or an unreasonable application of United States Supreme Court precedent on ineffectiveness under 28 U.S.C. § 2254(d)(1). In fact, in the Amended Petition, Petitioner cites to only one United States Supreme Court case, i.e., United States v. Cronic, 466 U.S. 648

(1984). ECF No. 3 at 16 – 17. Nowhere in the Amended Petition does Petitioner argue that the state courts' disposition of the claims, which he raised in state court, was contrary to or an unreasonable application of Cronic. Nor is this surprising because Petitioner did not raise any claim under Cronic in the state courts. See, e.g., Petitioner's Brief to the Superior Court on appeal in the PCRA proceedings, ECF No. 9-8 at 9 (Table of Citations of Authorities), which lists the cases allegedly cited in the Brief and Cronic does not appear therein.[1]

In light of the foregoing, we find that Petitioner simply fails to carry his burden to show that the state courts' disposition of his claims constituted a disposition that was contrary to or an unreasonable application of United States Supreme Court precedent.

### 1. Ground Three - claim of constructive denial of counsel by abandonment

We note that Petitioner does assert a claim in Ground Three of the Amended Petition that trial counsel, James Sheets "ABANDONED PETITIONER IN THE PRESENTATION OF HIS CASE ON BEHALF OF THE PETITIONER AS REPRESENTED BY HIS INACTIONS, ERRORS AND OMISSIONS." ECF No. 3 at 13. To the extent that Petitioner is attempting to raise a claim under Cronic that Petitioner was constructively denied counsel based on trial counsel's alleged inactions, we note that such a claim was procedurally defaulted because it was never raised in the state courts.

Furthermore, we note that raising an ineffective assistance of counsel claim (which Petitioner did raise in the state courts) is not the same as raising an actual or constructive denial

---

[1] We note that the Table of Citations is inaccurate in that there are cases cited in the body of the Brief that are not contained in the Table. See, e.g., ECF No. 9-8 at 11 (citing Commonwealth v. Allen, 732 A.2d 582 (Pa. 1999); Commonwealth v. Strong, 761 A.2d 1167 (Pa. 2000); and Commonwealth v. Douglas, 654 A.2d 226 (Pa. 1994), none of which appear in the Table of Citations). In addition, there is, in fact, no citation to Cronic anywhere in the Petitioner's Brief to the Superior Court on appeal in the PCRA proceedings. ECF No. 9-8 at 7 - 40.

of counsel claim under Cronic. There is a difference in the factual bases and the legal analyses between a claim of being abandoned by counsel and a claim of ineffectiveness of counsel for failing to consult with a client. Compare Cronic, 466 U.S. 648 (complete denial of counsel at a critical stage of proceedings does not require a showing of prejudice as is typical for a claim of ineffectiveness under Strickland) and Workman v. Wasden, No. 1:08-CV-00052, 2011 WL 3925078, at *4 (D. Idaho, Sept. 7, 2011) ("Respondents argue that Petitioner exhausted this claim only to the extent that he relies on the standard of law from *Cronic* and not *Strickland.* The Court has reviewed the state court record and agrees. In the Idaho appellate courts, Petitioner claimed that prejudice should be presumed because his counsel abandoned him, and he did not attempt to argue that he was actually prejudiced by counsel's alleged errors.") (citations omitted) with Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000) (setting forth the standard for analyzing the question of counsel's ineffectiveness for failing to consult with client about an appeal). Hence, we reject Petitioner's attempt at any argument that the state courts acted contrary to or unreasonably applied Cronic, given that Petitioner apparently never made an argument to the state courts about constructive denial of counsel based on trial counsel's alleged inactions and most certainly did not make such an argument in his appellate brief to the Superior Court in the PCRA proceedings. ECF No. 9-8 at 7 – 40.

Moreover, we find Ground Three of the Amended Petition, apparently raising a constructive denial of counsel claim under Cronic, to be procedurally defaulted for having never been raised in the state courts. Furthermore, on the record of Petitioner's guilt before this Court, there does not appear to be any excuse to overlook the procedural default of Ground Three.

Accordingly, Ground Three is procedurally defaulted and cannot afford federal habeas relief.

## B. Petitioner Appears to Argue an Error Under § 2254(e).

The sole argument under AEDPA that Petitioner does make is that the "Denial of the Petitioner's PCRA Petition by the Trial Court and the Superior Court affirmation of such denial, was contrary to and not supported by the evidence of record concerning the ineffective assistance of trial counsel, in fact the same was contrary to the evidence of record and the testimony offered by the Petitioner herein and that of David Clemons." ECF No. 3 at 26. We generously construe this to constitute an argument under the AEDPA that the state court adjudication of his claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under 28 U.S.C. § 2254(d)(2).

Petitioner's "argument" is not specific and does not assail any particular factual finding of the state courts. Rather, his argument seems to be a generalized attack on the state courts' finding on ineffective assistance of counsel where Petitioner testified that his counsel told him one thing and then counsel ended up doing something else, as for example, telling Petitioner that the trial would be a jury-trial, and telling him that Petitioner would be called as a witness for the defense as would Mr. Clemmons but then resting without presenting such evidence at the conclusion of the Commonwealth's case.

We note that in order to carry his burden to show that any of the factual determinations, which the state courts made, were unreasonable, Petitioner bears a heavy burden. He must point to specific factual determinations that the state courts made[2] which he alleges are unreasonable

---

[2] Davis v. Jones, 506 F.3d 1325, 1330 n. 8 (11th Cir. 2007) (declining to consider "argument that the state court made an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2)," where the petitioner did "not challeng[e] any specific factual finding"); Lane v. Posey, 213CV01255VEHJHE, 2016 WL 5110538, at *2 (N.D. Ala. Sept. 21, 2016) ("Lane's brief in support of his original petition does contain the words "unreasonable determination of the facts"
(... footnote continued)

and, then, in order to show that they are an unreasonable determination, he must rebut the

presumed correctness of those factual determinations by pointing to specific factual evidence that

is both clear and convincing. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an

application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

court, a determination of a factual issue made by a State court shall be presumed to be correct.

The applicant shall have the burden of rebutting the presumption of correctness by clear and

convincing evidence.").

      In the instant case, Petitioner fails to carry his required burden. First, he fails to point to

any specific factual finding that the state courts unreasonably determined. Instead, he merely

asserts twice in a conclusory statement that "It is Further submitted that the Denial of the

Petitioner's Second, PCRA Petition by the Trial Court and the Superior Court affirmation of

such denial, was contrary to and not supported by the evidence of record concerning the

ineffective assistance of trial counsel, in fact that same was contrary to the evidence of record

---

in introducing his second ground for relief, but never specifically points out a fact he disputes.
(Doc. 1-1 at 31)."); Petrick v. Thornton, 1:09CV551, 2014 WL 6626838, at *3 (M.D.N.C. Nov.
21, 2014) ("However, said brief does not identify any specific factual finding(s) the state court
unreasonably made. (See id. at 3–5.) As a result, Petitioner cannot secure relief under Section
2254(d)(2)."); Oliver v. Wengler, No. 1:12CV96EJL, 2013 WL 5707342, at *3 (D. Idaho Oct.
21, 2013) ( "Although [the] [p]etitioner states ... that 'a segment of the state courts [sic] decisions
are predicated upon an unreasonable determination of the facts,' he does not identify any specific
factual finding that he contends is unreasonable. This is insufficient to show that the decisions of
the [state court] were based on an unreasonable determination of the facts." (internal citation
omitted)); Marcus v. Conway, No. 04CIV64JSR, 2007 WL 1974305, at *6 (S.D.N.Y. July 5,
2007) (unpublished) ("[T]he petitioner's conclusory statement, that the state court's decision is
based on an unreasonable determination of the facts in light of the evidence presented at the state
court proceedings, does nothing more than quote the applicable statutory language. Without
more, that is not sufficient to satisfy the burden placed on [him] by 28 U.S.C. § 2254(d)."); Cook
v. Jackson, 1:08CV358-1-MU, 2008 WL 3823711, at *4 (W.D.N.C. Aug. 13, 2008) ("Nor does
Petitioner point to any specific facts which he contends the state court unreasonably
determined.").

and the testimony offered by Petitioner herein and that of David Clemons." ECF No. 3 ¶ 28; id. at 26. Petitioner fails to identify a specific fact found by the state courts that was unreasonable. Moreover, Petitioner fails to point to credible evidence that is clear and convincing that would rebut the state court factual findings, if only because he does not challenge any specific factual determination. To the extent that Petitioner generally points to the evidence of his testimony, adduced at the PCRA hearing, as well as that of the witness David Clemons also adduced at the PCRA hearing, we are unconvinced that this evidence is clear and convincing, given that the PCRA trial court apparently disbelieved a good portion of Petitioner's testimony and, further found that Mr. Clemons' testimony was not helpful because it corroborated that Petitioner threw the first punch.

### 1.  The State Courts did not unreasonably determine facts.

In Ground One, Petitioner asserted that his trial counsel was ineffective for unilaterally changing Petitioner's trial from a jury trial to a bench trial.

The Superior Court addressed this issue on the merits as follows:

> Appellant first contends that his trial counsel, James Sheets, Esq., acted ineffectively by promising Appellant that he would be tried by a jury, but then "unilaterally" changing course and requesting a non-jury trial. Appellant's Brief at 28-29. Appellant does not meaningfully develop this IAC claim, and he does not cite any legal authority to support it. Most notably, he offers no discussion regarding why the following analysis by the PCRA court was legally erroneous:
>
>> [Appellant's] claim that he was deprived of a jury trial is contradicted by the record. Trial counsel had previously advised the [c]ourt through continuance applications that this case was to proceed as a non-jury trial. More probative, however, [are] [Appellant's] own words and actions in executing a written jury-trial waiver and confirming his decision to proceed with a non-jury trial on the record. [Appellant] advised the [c]ourt that he understood the written waiver and [he] advised the [c]ourt that all of his answers to the questions contained therein were truthful. When reviewing the record as a whole, this [c]ourt believes that

> [Appellant] made a conscious, intelligent election of a non-jury
> trial consistent with the advice of counsel. This ineffectiveness
> claim is, therefore, without merit.

PCRA Court Opinion (PCO), 11/5/15, at 5.

> On appeal, Appellant does not even acknowledge the statements he made
> to the court prior to waiving his right to a jury trial, let alone present any
> argument that the colloquy was coerced or involuntary. Significantly, during the
> oral colloquy, Appellant answered affirmatively when asked if he had had
> "enough time to talk to [Attorney] Sheets about how [he] want[ed] to handle [his]
> case[,]" and he also confirmed that he was "satisfied with [counsel's] advice and
> representation [regarding] whether to go to [a] jury or non- jury [trial.]" N.T.
> Trial, 1/25/12, at 6. Based on Appellant's statements during his colloquy, and the
> lack of argument in his appellate brief, we find no merit to his claim that Attorney
> Sheets failed to sufficiently discuss with him the decision to proceed to a non-jury
> trial. Accordingly, the PCRA court did not err in rejecting Appellant's first IAC
> issue.

Moreno, 2016 WL 5485165 at *3. Essentially, the state courts credited Petitioner's statements

during the colloquies occurring at his trial, which Petitioner engaged in with the trial court, when

he waived his right to a jury trial and a right to take the stand in his defense, as opposed to his

testimony at the PCRA hearing. See, e.g., PCRA Transcript at 117 – 118 wherein the PCRA

trial court states "As to the jury trial issue, I'm not persuaded by Mr. Moreno's testimony for

several reasons…."). See also PCRA Trial Court Opin., ECF No. 9-8 at 5 ("More probative,

however, is the petitioner's own words and actions in executing a written jury-trial waiver and

confirming his decision to proceed with a non-jury trial on the record.").

In Ground Two, Petitioner asserted that his trial counsel was ineffective for failing to call

Petitioner to the stand and failing to call Mr. Clemons as a witness for the defense. The PCRA

trial court addressed this issue as follows. First, the PCRA trial court reviewed the record in the

case as it related to this issue:

The record in this case discloses that at trial Petitioner was advised of his right to testify and call witnesses. Petitioner unequivocally indicated on the record that he did not intend to call any witnesses as to the facts of the case or as to any character traits. Furthermore, Petitioner indicated that he had sufficient time to discuss this matter with trial counsel.

Id. at 4. The PCRA trial court then reasoned, inter alia, that

Petitioner clearly acknowledged on the record at trial that the did not wish to present any witnesses at trial and he did not intend to present a defense at trial. Petitioner indicated that he had discussed the issue with trial counsel and that he was truthful with the Court when he indicated that he did not want to present any witness or present a defense at all.

Id. at 6.[3]

On this record, in the face of the colloquies of Petitioner, waiving his right to a jury trial, and his right to take the stand and his right to present any other defense or witnesses, Petitioner simply cannot rebut the presumed correctness of the credibility determinations made, either explicitly or implicitly by the state courts, which apparently credited Petitioner's testimony that he gave during the colloquies at trial, waiving his rights, over Petitioner's testimony provided at the PCRA hearing. Campbell v. Vaughn, 209 F.3d 280, 285–86 (3d Cir. 2000) ("the Supreme Court has held that an implicit finding of fact is tantamount to an express one, such that deference is due to either determination."); Fowler v. Mooney, No. 14-1768, 2015 WL 7007772, at *8 (E.D. Pa. Aug. 31, 2015) (holding a PCRA court's finding that an uncalled expert witness was not credible was entitled to a presumption of correctness), *report and recommendation adopted by*, 2015 WL 6955434 (E.D. Pa. Nov. 9, 2015).

_____

[3] Ground Four in the Amended Petition is simply a reiteration of Ground Two, just without specifying which evidence or which witnesses trial counsel had allegedly failed to present, which he had specified in Ground Two. Hence, the analysis with respect to Ground Two applies equally to Ground Four.

Accordingly, we find that Petitioner fails to carry his burden to show entitlement to relief under 28 U.S.C. § 2254(d)(2) for two independent reasons. First, he fails to point to a specific factual finding made by the state courts which was an unreasonable determination. Second, Petitioner has pointed to no specific evidence, yet alone clear and convincing evidence, which the state courts found credible, to rebut any specific state court factual finding. Accordingly, the Amended Petition does not merit the grant of federal habeas relief.

### C. Any Impairment-of-Counsel Claim was Procedurally Defaulted.

A final issue needs to be addressed even though Petitioner does not explicitly raise the issue as a "ground for relief." Petitioner asserts that it was "subsequently discovered" that trial counsel "had significant issues concerning his use of alcohol and drugs" which affected his abilities and decision making. ECF No. 3 at 25. As Respondents point out, although Petitioner included a bald allegation in his Amended PCRA Petition that trial counsel had personal issues which affected his representation, Petitioner never offered any evidence in support of such a claim, and he never raised this issue on appeal to the Superior Court from the PCRA trial court's denying him relief. Respondents correctly assert that this issue is unexhausted and procedurally defaulted. ECF No. 9 at 26 – 27. Therefore, we find this claim was procedurally defaulted and, on the record of Petitioner's guilt before this Court, we do not find any basis to excuse the procedural default.

### V. CERTIFICATE OF APPEALABILITY

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). The Court concludes that jurists of reason would not find it debatable whether the Petitioner made a

14

substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability will be denied.

## VI. CONCLUSION

Given that Petitioner fails to carry his burden to show that the state courts' disposition of his claims resulted in an unreasonable determination of the facts, or that he is otherwise entitled to any relief, the Amended Petition will be denied.

**AND NOW**, this _4th_ of September, 2019, it is hereby **ORDERED** that for the reasons set forth herein, the Petition is **DENIED**. Because we conclude that jurists of reason would not find the foregoing debatable, a certificate of appealability is likewise **DENIED**.

BY THE COURT,

MAUREEN P. KELLY
UNITED STATE MAGISTRATE JUDGE

cc: All counsel of record via CM-ECF